Last updated  February 17, 2018   06:25:44 pm GMT

# Johnlaeden v. Omat I Reo

Superior Court of Pennsylvania

March 14, 2014, Decided; March 14, 2014, Filed

No. 2185 EDA 2013, No. 2350 EDA 2013

**Reporter**
2014 Pa. Super. Unpub. LEXIS 3307 *

MICHAEL JOHNLAEDEN, Appellant v. OMAT I REO, OCWEN FINANCIAL AND CR CAPITAL GROUP, Appellees

**Notice:** NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

**Subsequent History:** Reported at, in part *Johnlaeden v. Omat I Fin., 100 A.3d 307, 2014 Pa. Super. LEXIS 1333 (Pa. Super. Ct., 2014)*

Reported at, in part *Johnlaeden v. Omat I Fin., 100 A.3d 307, 2014 Pa. Super. LEXIS 1627 (Pa. Super. Ct., 2014)*

**Prior History:** [*1] Appeal from the Order entered on June 20, 2013 in the Court of Common Pleas of Philadelphia County, Civil Division, No. 130100552. Appeal from the Order entered on July 31, 2013 in the Court of Common Pleas of Philadelphia County, Civil Division, No. 130100576.

*Johnlaeden v. Omati Reo Holdings, LLC, 2013 Phila. Ct. Com. Pl. LEXIS 333 (2013)*

**Judges:** BEFORE: GANTMAN, SHOGAN and MUSMANNO, JJ. MEMORANDUM BY MUSMANNO, J.

**Opinion by:** MUSMANNO

## Opinion

MEMORANDUM BY MUSMANNO, J.:

Michael Johnlaeden ("Johnlaeden") appeals, *pro se*, from the June 20, 2013 Order granting the Preliminary Objections filed by CR Capital Group ("CR Capital"), and dismissing Johnlaeden's Complaint for Mechanics' Lien Enforcement with prejudice.[1] Additionally, Johnlaeden appeals the July 31, 2013 Order granting the Preliminary Objections filed by CR Capital, OMAT, and Ocwen, and dismissing Johnlaeden's Complaint on Several Accounts for Civil Action with prejudice. We affirm.

The trial court set forth the relevant procedural history as follows:

> On December 8, 1998, Zannie [*2] and Ida May Williams [collectively "the Williamses"] obtained a mortgage for a house at 4630 Fernhill Road, Philadelphia with HomeAmerican Credit, Inc. d/b/a Upland Mortgage. This mortgage was assigned to Deutsche Bank as trustee for [Ocwen] in September 2009. On December 15, 2009, Deutsche Bank filed a [C]omplaint in [M]ortgage [F]oreclosure against the Williams[es] for defaulting on their mortgage. (hereinafter "the Foreclosure Action"). On February 28, 2011, a default judgment in favor of Deutsche Bank was entered against the Williams[es].
> On June 7, 2011, [Johnlaeden,] under his "alter-ego[,]" the Wampum Collective Fund, allegedly purchased the property from Zannie Williams for $4000. According to [Johnlaeden], Zannie Williams granted him the deed to the property and documents acknowledging a mechanic's lien and security agreement. ...
>
> On September 15, 2011, [Johnlaeden] filed a Motion to Intervene in the foreclosure proceedings between Deutsche Bank and the Williams[es] alleging that Wampum Collective Fund controlled the [p]roperty. On September 19, 2011, [Johnlaeden] then filed a Motion to Strike the Judgment. After a hearing, Common Pleas Court Judge Idee Fox denied both [M]otions. Plaintiff appealed both denials to the Superior Court. In Judge Fox's Opinion[,] filed [*3] on March 6, 2012, Judge Fox reasoned that [Johnlaeden's] purported interest in the

---

[1] We note that on June 20, 2013, the trial court also entered an Order granting the Preliminary Objections filed by OMAT I REO ("OMAT") and Ocwen Financial ("Ocwen") to Johnlaeden's Complaint for Mechanics' Lien Enforcement. However, Johnlaeden did not appeal this Order.

> Property was acquired only after the Foreclosure Action was filed and after [D]efault [J]udgment was entered; therefore, [Johnlaeden] had no recognized interest in the outcome of the litigation and could not intervene in the foreclosure action. *See* [Deutsche Bank Nat. Trust Co. v. Williams, 2012 Phila. Ct. Com. Pl. LEXIS 98, 2012 WL 994552 (Pa. Ct. Com. Pleas, March 5, 2012)](#). On May 2, 2012, [Johnlaeden's] appeals were quashed by the Superior Court. On June 6, 2012, the Property was sold at Sheriff's Sale to [OMAT].

Trial Court Opinion, 9/5/13, at 1-3 (footnotes and some citations omitted).

On January 9, 2013, Johnlaeden filed a Complaint for Mechanics' Lien Enforcement against OMAT and Ocwen seeking to enforce two mechanics' liens on the property: one for $150,000 and another for $25,000. On that same date, Johnlaeden filed a Complaint on Several Accounts for Civil Action against OMAT and Ocwen seeking, *inter alia*, ejectment and quiet title. On February 22, 2013, Johnlaeden filed a Motion to Amend the Complaints to join CR Capital, the purchaser of the property from OMAT, as a defendant. The Motion was granted, and Johnlaeden subsequently filed Amended Complaints. OMAT, Ocwen, and CR Capital filed Preliminary Objections to both Complaints. Johnlaeden [*4] filed Answers to the Preliminary Objections. On June 20, 2013, the trial court granted the Preliminary Objections filed by OMAT, Ocwen, and CR Capital, and dismissed Johnlaeden's Complaint for Mechanics' Lien Enforcement with prejudice. Subsequently, on July 31, 2013, the trial court granted the Preliminary Objections of OMAT, Ocwen, and CR Capital, and dismissed Johnlaeden's Complaint on Several Accounts for Civil Action with prejudice.

Johnlaeden filed timely Notices of Appeal. This Court consolidated Johnlaeden's appeals.

On appeal, Johnlaeden raises the following questions for our review:

> 1. What are the priority of Mechanics['] Liens in Pennsylvania against mere consensual liens?
> 2. Is the [M]echanics['] [L]ien here prior to [OMAT, Ocwen, and CR Capital's] underlying mortgage-position? Did this lien survive the Sheriff Sale?
> 3. Were [OMAT and Ocwen] properly served?
> 4. Are there any cognizable objections to service by [OMAT or Ocwen]?
> 5. Are [OMAT, Ocwen, and CR Capital] proper parties to the lawsuit?
> 6. Did the [trial court in the Order on appeal at 2350 EDA 2013] err by making factual determinations as to the merits based only on [OMAT, Ocwen, and CR Capital's] [P]reliminary [O]bjections to the procedure?
> 7. Does [Johnlaeden's] [*5] lawsuit state a legally sufficient claim to relief on any or all counts of quiet title and for ejectment?
> 8. Does [Johnlaeden's] lawsuit state a legally sufficient claim to relief on any or all counts for Mechanics['] Lien Enforcement?
> 9. If the facts alleged prove true, is [Johnlaeden] entitled to damages?
> 10. If the facts alleged prove true, is [Johnlaeden] entitled to possession?
> 11. If the facts alleged prove true, is [Johnlaeden] entitled to enforce the Mechanics['] Lien in rem?
> 12. Did the trial courts err in sustaining [OMAT, Ocwen, and CR Capital's] [O]bjections?

Brief for Appellant at 2 (some capitalization omitted).

Our review of a trial court's decision to grant preliminary objections is

> whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal [*6] of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

[Feingold v. Hendrzak, 2011 PA Super 34, 15 A.3d 937, 941 (Pa. Super. 2011)](#) (citation omitted).

With respect to Johnlaeden's Complaint for Mechanics' Lien Enforcement, he contends that the trial court erred in granting the Preliminary Objections because the mechanics' lien took priority over the mortgage on the property. Brief for Appellant at 7-8, 13-14. Johnlaeden also argues that the trial court did not adequately consider his evidence, and that the trial court reached its conclusions utilizing the erroneous standard of review for motions for summary judgment. *Id.* at 8-9, 11.

Initially, we note that "once a foreclosure has been commenced, any person or entity acquiring an interest in the property will be bound by decree[.]" [First Union Mortg. Corp. v. Frempong, 1999 PA Super 343, 744 A.2d 327, 336](#)

*(Pa. Super. 1999)*; *see also Resolution Trust Corp. v. Warwick Nurseries, Ltd., 450 Pa. Super. 200, 675 A.2d 730, 731-32 (Pa. Super. 1996)* (stating that "encumbrance[r]s who become such *pendente lite*, are not necessary parties to a bill to foreclose, although they are bound by the decree, for they can claim nothing except what belonged to the person [*7] under whom they assert title[.]"). Furthermore, "[a] mechanics' lien is discharged by a sheriff sale on a mortgage in existence prior to the mechanics' lien." *Hill v. Edinboro Dev., Inc., 278 Pa. Super. 324, 420 A.2d 562, 566-67 (Pa. Super. 1980)*.

In this case, the mortgage on the property was recorded in December 1998. On December 15, 2009, Deutsche Bank filed the Foreclosure Action against the Williamses for defaulting on their mortgage. On February 28, 2011, a default judgment was entered in favor of Deutsche Bank and against the Williamses. Thereafter, on June 7, 2011, Johnlaeden allegedly purchased the property. Johnlaeden then filed a Mechanics' Lien on the property on June 29, 2011. The property was subsequently sold at Sheriff's Sale to OMAT on June 6, 2012.

Here, because Johnlaeden allegedly purchased the property and filed a Mechanics' Lien on the property after the foreclosure judgment had been entered, Johnlaeden was bound by the foreclosure judgment. *See Fin. Freedom, SFC v. Cooper, 2011 PA Super 101, 21 A.3d 1229, 1232 (Pa. Super. 2011)* (stating that it was appellant's folly to purchase a property despite the commencement of a mortgage foreclosure action on the property); *see also Resolution Trust Corp., 675 A.2d at 731-32*. In any event, the Sheriff's Sale discharged Johnlaeden's Mechanics' Lien after which he had no authority to enforce the lien against OMAT, Ocwen or CR Capital. [*8] *See Hill, 420 A.2d at 566-67*. Based upon the foregoing, the trial court properly granted CR Capital's Preliminary Objections in the nature of a demurrer.

With respect to Johnlaeden's Complaint on Several Accounts for Civil Action, he contends that the trial court erred in denying his claims for quiet title and ejectment. Brief for Appellant at 9-10, 12. Johnlaeden further argues that the trial court should have awarded him damages based on his property rights. *Id.* at 11. Johnlaeden also asserts that he provided proper service of process to OMAT and Ocwen. *Id.* at 11-12.

Here, the trial court has addressed Johnlaeden's claims and determined that they are without merit. *See* Trial Court Opinion, 7/31/13, at 3-6. We adopt the sound reasoning of the trial court for the purpose of this appeal. *See id*. Accordingly, with regard to Johnlaeden's Complaint on Several Accounts for Civil Action, we conclude that the trial court properly granted the Preliminary Objections of CR Capital, OMAT, and Ocwen in the nature of a demurrer.[2]

Orders affirmed.

Judgment Entered.

/s/ Joseph D. Seletyn

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/14/2014 [*9]

**COMMON PLEAS COURT OF PHILADELPHIA COUNTY, FIRST JUDICIAL DISTRICT OF PENNSYLVANIA, PENNSYLVANIA, CIVIL TRIAL DIVISION**

MICHAEL JOHNLAEDEN, Plaintiff vs. OMAT I REO HOLDINGS, LLC, OCWEN FINANCIAL CORPORATION, and CR CAPITAL GROUP, LLC, Defendants

NO. 0576

**MEMORANDUM IN SUPPORT OF ORDERS WHICH SUSTAIN ALL OF THE PRELIMINARY OBJECTIONS FILED BY OMAT, OCWEN AND CR DEFENDANTS**

**MASSIAH-JACKSON, J**.

**I. INTRODUCTION and PROCEDURAL HISTORY**

Plaintiff Michael Johnlaeden has brought this pro se civil action seeking clear title and damages based on his claims that he is the rightful owner and has a rightful interest in the property located at 4630 Fernhill Road, Philadelphia, Pa., 19144. Mr. Johnlaeden asserts that his civil action is brought on behalf of himself and his "shared alter-ego" the Wampum Collective Fund.

The Defendants appear to be three real estate and/or financial institutions: OMAT I REO Holdings, LLC ("OMAT"); Ocwen Loan Servicing, LLC ("Ocwen") and CR Capital Group, LLC ("CR").

Plaintiff's First Amended Complaint was filed in March, 2013. The Defendants filed Preliminary Objections to all Twelve Counts pursuant to *Rule 1028(a)(1)* improper service, *Rule 1028(a)(2)* failures to conform to Rule [*10] 1651(b)

---

[2] We note that to the extent Johnlaeden raised any additional claims, he is not entitled to relief.

and Rule 1654(a) relating to Mechanics Liens, and, Rule 1028(a)(4) failure to state a cause of action in Count XI, and demurrer requiring dismissal with prejudice to the entire civil action. OMAT and Ocwen filed Preliminary Objections on April 11, 2013 (**Control No. 13041450**) and CR filed Preliminary Objections on April 19, 2013 (**Control No. 13042512**). Both sets of motions were assigned to this Motions Judge on July 8, 2013.

After careful consideration of the circumstances presented, the Preliminary Objections filed by OMAT, Ocwen and CR are **SUSTAINED** and the Plaintiff's First Amended Complaint is **Dismissed with Prejudice**.

## II. FACTUAL BACKGROUND

The timeline of events relating to the Fernhill Road property are matters of public record and have been acknowledged by all parties:

**December 8, 1998** — Mr. Zannie Lee Williams and his wife, Ida Mae Williams, acquired a mortgage on 4630 Fernhill Road, Philadelphia,. Pa. with Home American Credit, Inc. d/b/a Upland Mortgage.

**September 16, 2009** — Mortgage Assignment dated August 30, 2007, to Deutsche Bank National Trust Company ("Deutsche Bank").

**September 25, 2009** — Assignment of Mortgage recorded, per 21 Pa. C.S. §351.

**December 15, 2009** — Deutsche Bank filed [*11] a Complaint in Mortgage Foreclosure at December Term, 2009, No. 1220, against Zannie Lee Williams and his wife for failure to make payments.

**February 28, 2011** — Default Judgment entered against Zannie Lee Williams and his wife, in favor of Deutsche Bank.

**Summer of 2011** — Plaintiff-Johnlaeden paid Zannie Lee Williams $4000.00 for the Fernhill Road property. See Paragraphs 6-9 of the First Amended Complaint.

**June 6, 2011** — Michael Johnlaeden filed a Motion to Postpone the Sheriffs Sale of the Fernhill Road property.

**June 29, 2011** — Michael Johnlaeden acquired a Mechanics Lien on the Fernhill Road property which was recorded.

**September 25, 2011** — Johnlaeden Motion to Intervene and Petition to Strike/Open Default Judgment was denied by the Court in Deutsche Bank National Trust Co. v. Zannie Lee Williams and Ida Mae Williams, 2012 Phila. Ct. Com. Pl. LEXIS 98 (Fox, J.) dated March 5, 2012.

**September, 2012 to present** — Defendants OMAT and CR have been in possession and control of the Fernhill Road property. See Paragraphs 17-24 of the First Amended Complaint.

## III. LEGAL DISCUSSION

A preliminary objection in the nature of a demurrer admits the well pleaded facts and the inferences reasonably deducible, but not conclusions of law. The question presented is whether the law says with certainty that no recovery is possible. [*12] If there is any doubt, the doubt should be resolved by overruling the demurrer. McKeenan v. Corestates Bank. N.A., 2000 PA Super 117, 751 A.2d 655 (Pa. Superior Ct. 2000); Rutherfoord v. Presbyterian University Hospital, 417 Pa. Super. 316, 612 A.2d 500 (Pa. Superior Ct. 1992).

In this case, Plaintiff-Johnlaeden admits that he is not in control of the property. The Pennsylvania Supreme Court has held that a Trial Court must first make a determination about which party has <u>actual possession</u> of the disputed property as the jurisdictional prerequisite to ruling on the merits. Siskos v. Britz, 567 Pa. 689, 790 A.2d 1000 (Pa. 2002). Where, as here, the plaintiff is not in possessions — new locks, sale signs — Plaintiff Johnlaeden's self-serving statement at Paragraph 47 that he is in ". . .lawful constructive possession of the premises . . ." is a fiction.

In Buck v. Brunner, 167 Pa. Super. 142, 74 A.2d 528 (Pa. Superior Ct. 1950), when a defendant erected a fence over a disputed property line claiming the strip of property as defendant's own property, the Appellate Court concluded that "possession" of the disputed strip of property was in the defendant. See, Sutton v. Miller, 405 Pa. Super. 213, 592 A.2d 83, 88 (Pa. Superior Ct. 1991). The Superior Court held that an action to Quiet Title may lie only when the person in <u>actual possession</u> of land makes a claim against a person/entity not in possession. Here, Plaintiff-Johnlaeden is <u>not</u> in possession and makes a claim and asserts title against OMAT, Ocwen and CR who <u>are</u> in possession. Rule 1061(b)(1) permits only a possessor of land [*13] to bring an action of Quiet Title, thus **Plaintiff-Johnlaeden's claims in Count Two are barred as a matter of law**.

If an action in Ejectment will lie, then it would be error for this Court to proceed pursuant to Rule 1061(b)(2). The Siskos, supra analysis is clear that in a situation where a plaintiff requests relief pursuant to both Rule 1061(b)(1) and Rule 1061(b)(2), the Trial Court may not simultaneously consider an action for Ejectment and an action to Quiet Title on the

same parcel of real estate.

Count One of Plaintiff-Johnlaeden's First Amended Complaint is plaintiffs alternative cause of action for Ejectment. In *Brennan v. Shore Brothers, Inc., 380 Pa. 283, 110 A.2d 401, 402 (Pa. 1955)* and numerous cases cited therein, it was noted:

> "Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and he has a present right to immediate possession." (emphasis added)

See generally, *Rule 1051-1058 of the Pennsylvania Rules of Civil Procedure.* Accordingly, the Court must consider whether this Plaintiff has a present right to immediate possession.

Mr. Johnlaeden relies on a Mechanics' Lien he acquired and recorded on June 29, 2011, to assert a claim and title to the property. His reliance is misplaced. Two years prior to June, 2011, Deutsche Bank recorded its title, interest and rights [*14] of possession of the real property at 4630 Fernhill Road, Philadelphia, Pa. The Assignment of Mortgage was recorded by the Commissioner of Records on September 25, 2009. The rights of Deutsche Bank are superior to any claim by Plaintiff-Johnlaeden.

In a separate but related matter, *Deutsche Bank National Trust Co. v. Zannie Lee Williams and Ida Mae Williams, 2012 Phila. Ct. Com. Pl. LEXIS 98 (March 5, 2012)*, the Court held that Mr. Johnlaeden acquired his interest in the Fernhill Road property after the commencement of the 2009 Deutsche Bank foreclosure action. This Court agrees. The reason that *21 Pa. C.S. §351* mandates the recordation of all written instruments is that subsequent bona fide purchasers are deemed to have notice of such transactions.

It appears that Plaintiff-Johnlaeden was duped by Zannie Lee Williams in 2011. Mr. Johnlaeden is neither a subsequent bona fide purchaser nor judgment creditor. As a result, in 2013, **the action in Ejectment (Count One) will not lie. Counts Three, Four and Five fail to state claims for which relief can be granted**.

In the absence of any valid interest, title or claim to the real property, Plaintiff-Johnlaeden is not able to support any entitlement to damages relating to these premises. **Counts Six, Seven, Eight, Nine and Ten of the First Amended Complaint fail to state claims for which** [*15] **relief can be granted**.

The remaining civil action to Quiet Title is pursuant to *Rule 1061(b)(2)*. In *Sisko v. Britz, supra*, the Supreme Court cited 22 Standard Pennsylvania Practice 2d §120; 145 and noted at *790 A.2d 1006, 567 Pa. 689*:

> "A party will file a Rule 1061(b)(2) Action to Quiet Title when [he] is not in possession, does not have the right to possess the land, and wishes to determine all rights in the land."

While this Court has concluded that Plaintiff-Johnlaeden is not in possession of the property and does not have the right to possess the land, this Court is not in a position to make a final determination of all the rights in the land. It is not the role of this Court in this litigation to determine the relative rights of all potential title holders. Such a request for relief was not made in the First Amended Complaint.

Next, in Count Eleven Plaintiff Johnlaeden appears to challenge the foreclosure judgment on the grounds that the Mortgage Foreclosure action was fraudulent. This First Amended Complaint purports to be a collateral attack on the Mortgage Foreclosure action, however, it is not a challenge to the jurisdiction of the court. See, e.g. *Federal National Mortgage Assoc, v. Citiano, 834 A.2d 645 (Pa. Superior Ct. 2003)* and cases cited. The fact that the Assignment of Mortgage [*16] was filed and recorded two years prior to the recordation of Plaintiff-Johnlaeden's Mechanics' Lien precludes the finding of fraud as a matter of law. Accordingly, there exists no relief for this Plaintiff, individually or on behalf of his alter ego, in law or equity. Neither Michael Johnlaeden nor the Wampum Collective Fund have a legally valid interest or title in the property located at 4630 Fernhill Road, Philadelphia, Pa. It may be that an action is timely and/or appropriate against Zannie Lee Williams. **The demurrers are Sustained with prejudice as to Count Eleven and Count Twelve. See also,** *Rule 1651, et seq*.

Finally and significantly, although CR has not filed Preliminary Objections based on the May 13, 2013 service of the First Amended Complaint, it appears that the First Amended Complaint has not been served on OMAT or Ocwen. Deutsche Bank is not named as a defendant and has not been served. The Law Office of Shapiro & DeNardo, LLC has not been designated or authorized to accept service on behalf of any named defendant. See generally, *Rule 402* and *404 of the Pennsylvania Rules of Civil Procedure.*

## IV. CONCLUSION

For all of the reasons set forth above, all of the Preliminary Objections filed by OMAT and Ocwen (Control No. 13044150) and [*17] filed by CR (Control No. 13042512) are **SUSTAINED and the Plaintiff's First Amended Complaint is Dismissed with Prejudice**.

**BY THE COURT**:

2014 Pa. Super. Unpub. LEXIS 3307, *17

/s/ Frederica A. Massiah-Jackson

**FREDERICA A. MASSIAH-JACKSON, J**.

---

**End of Document**