United States Bankruptcy Court
Eastern District of Pennsylvania

Faulkner,
    Plaintiff                                       Adv. Proc. No. 17-00276-elf

M&T BANK,
    Defendant

## CERTIFICATE OF NOTICE

District/off: 0313-2         User: JEGilmore         Page 1 of 1         Date Rcvd: Jun 14, 2019
                        Form ID: pdf900         Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 16, 2019.
```
ust            +BRENDA D. GISH,    Office of United States Trustee - U.S. D,    Federal Building,
                 228 Walnut Street, 11th Floor,    Harrisburg, PA 17101-1714
pla            +Mattie Mae Faulkner,    5432 N. Fairhill Street,    Philadelphia, PA 19120-2711
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Jun 15 2019 03:34:02      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 15 2019 03:32:41
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 15 2019 03:33:57      U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
ust            +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Jun 15 2019 03:33:28      Frederic J. Baker,
                 Office of United States Trustee,    833 Chestnut Street,    Suite 500,
                 Philadelphia, PA 19107-4405
ust            +E-mail/Text: USTPRegion03.WL.ECF@USDOJ.GOV Jun 15 2019 03:33:28      SHAKIMA L. DORTCH,
                 U.S. Dept. of Justice - U.S. Trustee,    844 N. King Street,    Suite 2207,
                 Wilmington, DE 19801-3519
ust            +E-mail/Text: USTPRegion03.HA.ECF@USDOJ.GOV Jun 15 2019 03:33:29      United States Trustee,
                 228 Walnut Street, Suite 1190,    Harrisburg, PA 17101-1722
ust            +E-mail/Text: ustpregion03.ph.ecf@usdoj.gov Jun 15 2019 03:33:28      United States Trustee,
                 Office of the U.S. Trustee,    833 Chestnut Street,    Suite 500,    Philadelphia, PA 19107-4405
dft             E-mail/Text: camanagement@mtb.com Jun 15 2019 03:32:22      M&T BANK,    P.O. Box 840,
                 Buffalo, NY  14240-0840
                                                                                              TOTAL: 8
```

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 16, 2019                                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 14, 2019 at the address(es) listed below:
```
              DENISE ELIZABETH CARLON    on behalf of Defendant    M&T BANK bkgroup@kmllawgroup.com
              IRWIN LEE TRAUSS    on behalf of Plaintiff Mattie Mae Faulkner itrauss@philalegal.org,
               irwin@trauss.com
              KEVIN G. MCDONALD    on behalf of Defendant    M&T BANK bkgroup@kmllawgroup.com
              KEVIN G. MCDONALD    on behalf of Creditor    M&T BANK bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Defendant    M&T BANK tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
                                                                                              TOTAL: 5
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mattie Mae Faulkner aka Mattie Mae Washington, aka Mattie M Faulkner, aka Mattie Faulkner<br>    Debtor | CHAPTER 13 |
| M&T Bank<br>    Movant<br>vs. | NO. 17-10660 ELF |
| Mattie Mae Faulkner aka Mattie Mae Washington, aka Mattie M Faulkner, aka Mattie Faulkner<br>    Debtor | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>    Trustee | Adv. 17-0276 |

## STIPULATION

1. The proof of claim filed by M&T Bank is disallowed as filed;

2. The proof of claim shall be allowed as an allowed secured claim, secured by a lien on Ms. Faulkner's home, in the amount of **$26,259.00** – which shall be the amount deemed to be due M&T on the unpaid balance of the default judgment entered in the 2002 Foreclosure that was entered in the case of *Provident Bank of Maryland v Kevin Faulkner*, C.C.P. Phila. November Term 2002, No, 02865 after application of all the pre-bankruptcy payments made on account of the judgment up to the date of the bankruptcy petition and after further reduction in settlement of all the claims that have been raised by Plaintiff in the above referenced adversary action.

3. **This settlement is a complete resolution of the substantive issues raised in Plaintiff's complaint but leaves unresolved the issue of attorney's fees due to Plaintiff's attorney from M&T Bank**. The parties are continuing to negotiate those claims and if they are unable to reach a resolution, Plaintiff shall file a petition for attorney fees not later than 10 days after a stipulation settling the merits of the case as set forth herein is approved and docketed by the Court.

4. The $26,259.00 allowed secured claim shall include credit for all the adequate protection payments made by Plaintiff or on her behalf to Defendant from the petition date through May 20, 2019. At confirmation the unpaid balance of the $26,259.00 allowed secured claim shall be recalculated to include credit for any payments received by Defendant between and including May 20, 2019 and the date of confirmation in order to determine the unpaid balance of the allowed secured claim at confirmation.

5. The parties shall exchange mutual general releases releasing one another from all claims of every kind from the beginning of the world to April 30, 2019. The only claims that shall survive the release shall be the obligations continued in the

stipulation of settlement including the liability of Defendant for Plaintiff's attorney fees as provided in paragraph 3 above.

6. Debtor shall file an amended chapter 13 plan consistent with this stipulation of settlement which shall incorporate the stipulation of settlement by reference.

7. Debtor's amended chapter 13 plan shall provide for the payment of the unpaid balance of the allowed secured claim as of the date of confirmation, plus present value interest on the unpaid balance of the allowed secured claim at the rate of 3% simple interest per annum, in monthly payments of **$543.63, made by Debtor directly to M&T or its designated agent,** which payments shall continue until 100% of the unpaid balance of the allowed secured claim, plus all present value interest is paid in full – no matter when that might occur. It is anticipated that payment of 100% of the unpaid balance of the allowed secured claim along with all accrued present value interest shall take approximately **51** months from the date of confirmation – depending on when confirmation takes place and the number of adequate protection payments that are made by Debtor after April 30, 2019 and before then.

8. It is anticipated that at confirmation, the unpaid balance of the allowed secured claim, including any payments received on account of the claim after April 30, 2019 and before confirmation, shall be less than $26,259.00 because Debtor is continuing to make monthly adequate protection payments and anticipates continuing to do so until confirmation.

9. M&T shall withdraw its objection to confirmation of Debtor's Chapter 13 Plan and shall file no objection to Debtor's Amended Plan so long as the plan is consistent with the provisions of this stipulation of settlement;

10. The lien securing M&T's allowed secured claim shall relate back to the date of the mortgage which accompanied M&T's proof of claim and which was the mortgage upon which the 2002 Foreclosure action was based.

11. The parties stipulate that M&T is the entity entitled to enforce and to collect the default judgment entered in the 2002 Foreclosure.

12. M&T represents that it is the holder of the note underlying the aforesaid mortgage and that it is the party authorized to enforce the aforesaid mortgage and the judgment in the 2002 Foreclosure and agrees to hold Plaintiff harmless should any other entity attempt to collect on said obligations and further agrees to defend at its cost any attempt by any other entity to enforce such Note, Mortgage or Judgement against Plaintiff.

13. Plaintiff is relying on the above representations by M&T bank in entering into this stipulation of settlement, and Plaintiff's cause of action in the event the representations turn out to be false shall survive the aforementioned mutual general release.

14. Any lien which M&T Bank had or may have had securing the allowed secured claim is void pursuant to 11 U.S. C. §506(d) to the extent it exceeds the unpaid balance of the allowed secured claim.

15. When 100% of the allowed secured claim is paid in full, along with all accrued present value interest, M&T shall, at its cost and without demand, mark the judgment in mortgage foreclosure in the 2002 Foreclosure action satisfied and shall file with the Department of Records for Philadelphia County a mortgage satisfaction piece satisfying of record the mortgage accompanying its proof of claim in the instant action.

16. Debtor's chapter 13 plan shall expressly obligate Debtor to pay her real estate taxes and to maintain hazard insurance naming M&T bank as a loss payee until 100% of the unpaid balance of the allowed secured claim is paid in full.

17. Debtor shall cooperate with M&T Bank, to the extent possible consistent with this stipulation, in M&T Bank making a claim without conveyance, or its equivalent under the current FHA handbook, so that M&T bank can collect from FHA under its loan guarantee the difference between the amount of its allowed secured claim and the claim it would have been able to collect from the FHA or HUD had the property been sold at a mortgage foreclosure sale on the 2002 Foreclosure. Such cooperation shall not in any event require Debtor to pay to any entity more than the amount provided above or in any way eliminate or affect the obligation of M&T bank to satisfy the judgment and the mortgage when the amounts provided for herein are paid in full. M&T's inability to obtain any sums on its guarantee shall not in any way affect this stipulation of settlement.

18. This agreement shall bind M&T bank and its successors, assigns and agents and shall be recorded with the Philadelphia Department of Records and shall be attached as an allonge to the Note. M&T shall adjust its records to reflect this stipulation and shall take such action as is necessary to ensure that it and any successor in interest or assignee do not attempt to collect any sum from Debtor in excess of the amounts expressly permitted by this stipulation of settlement.

19. Upon approval of this stipulation of settlement by the Court, the above referenced adversary action shall be marked "settled" and the court shall retain jurisdiction to enforce M&T's obligation to comply with paragraph 15 of this stipulation of settlement and to determine Plaintiff's motion for attorney fees in the event the parties are unable to resolve such motion amicably.

20. This stipulation of settlement shall bind M&T and its agents, affiliates, successors and assigns.

Intending to be bound thereby, the parties to the above referenced action, by their respective duly authorized attorneys, set their signatures below:

Date: 6/6/2019

Irwin Trauss, Esquire
Philadelphia Legal Assistance
718 Arch Street, Suite 300N
Philadelphia, PA 19106
215 981 3811
itrauss@philalegal.org
Attorney for Plaintiff

Date: 6/6/2019

Kevin McDonald, Esquire
KML Law Group P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106
215 825 6311
kmcdonald@kmllawgroup.com
Attorney for Defendant

# O R D E R

Approved by the Court this 14th day of June, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank